**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |
|---|---|---|

Filed: April 16, 2019

Mr. Michael J. Benza
Law Office of Michael J. Benza
17850 Geauga Lake Road
Chagrin Falls, OH 44023

Ms. Debra Lynn Ireland
Office of the U.S. Attorney
167 N. Main Street
Suite 800
Memphis, TN 38103

Re: Case No. 17-6093, *USA v. Dane Schrank*
Originating Case No. : 2:17-cr-20129-1

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. Thomas M. Gould

Enclosure

Mandate to issue

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 19a0191n.06

CASE NO. 17-6093

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellant*, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DANE SCHRANK, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| *Defendant-Appellee*. | ) | |
| | ) | |

FILED
Apr 16, 2019
DEBORAH S. HUNT, Clerk

**Before: BATCHELDER, DONALD, and THAPAR, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** The government appeals the sentence imposed after a guilty plea to possession of child pornography. We VACATE and REMAND.

In February 2015, Dane Schrank was 21 years old, living with his parents, and working as a swimming-pool cleaner. But he had a computer and enough computer savvy to attempt to make himself anonymous on-line, access the "dark net," and find a child-pornography site named "Playpen." He visited Playpen multiple times—for three hours total over five days—and downloaded 840 images, 332 thumbnail images, and three videos of prepubescent children, including toddlers and babies, suffering sadistic sexual abuse. He also added a comment to a posted image, which was apparently a requirement for maintaining access to the Playpen site.

When a nationwide investigation of Playpen identified Schrank and police arrived at his father's home with a search warrant, Schrank admitted everything and surrendered his two computers. He continued to cooperate, signing a plea agreement and entering a guilty plea on the same day the prosecutor formally charged him with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and criminal forfeiture of his computers.

The PSR tabulated Schrank's base offense level at 18 and added several levels because: some images were of children younger than 12 years old; some images were sadistic, violent, or of infants or toddlers; he used a computer and the internet; and he had more than 600 images. Adjusted for his acceptance of responsibility, the total offense level was 28. Schrank's criminal history included his being on diversion for the latter of two marijuana-possession convictions when he committed the child pornography offense, making his criminal history score four and his category III. This led to an advisory guidelines range of 97 to 120 months in prison.

At the sentencing hearing, the court adopted the PSR and recognized the authority of the advisory guidelines and the § 3553(a) factors. The prosecutor requested "a sentence at the low end of the advisory guideline range."

Schrank had submitted several letters to the court attesting to the troubled or tragic life events he had suffered leading up to his child-pornography crime, as well as his subsequent rehabilitation. His father made a statement to the court attesting to the same and Schrank himself made an apologetic statement. Schrank's attorney requested a sentence of no prison time on the premise that incarceration would not help him but would only set him back.

The court addressed the § 3553(a) factors, asserting that this was "an extraordinarily serious offense," but separately found that the category III criminal history, "[w]hile properly calculated under the way in which the guidelines work, [is] certainly [] overstated." The court considered the letters, Schrank's father's statement, Schrank's apparent rehabilitation (including his sincere acceptance of responsibility, voluntary mental health treatment, successful employment, and religious participation), his overall support system, and his age, and chose to "employ a variance, . . . a large one."

The court concluded that "in reviewing the records and in reviewing everything about [Schrank], I don't see that prison is going to accomplish anything for [him,] [s]o I'm going to

2

Case No. 17-6093, *United States v. Schrank*

sentence [him] to time served." Schrank had not actually served any time in jail at that point, as he had been out on bond for the duration of the proceedings.

The court sentenced Schrank to 12 months of home confinement—anticipating that he would work, continue to receive counseling, and attend church—and ordered, among other things, DNA testing, drug testing, continued mental health treatment, sex offender registration and monitoring, five years of supervised release, a $5,000 assessment, and forfeiture of Schrank's two computers. The prosecutor objected to the noncustodial sentence.

On appeal, the government contends that Schrank's sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Henry*, 545 F.3d 367, 385 (6th Cir. 2008). "[W]e do not apply a presumption of unreasonableness to sentences . . . that fall outside of the Guidelines range." *Id*. (quotation marks omitted) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).

> If a sentencing court decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. But [we] must still give due deference to the [sentencing] court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.

*Id*. (editorial marks, quotation marks, and citations omitted).

The district court granted a very large downward variance—97 months (or 100%) from the bottom of the advisory range—and the question for us is whether the district court's reasons were "sufficiently compelling" to support that substantial downward variance. *See id*.

> [T]here is no better way to ensure that a sentence is sufficient (in the context of a … substantial downward variance) than to insist that the district courts explain such variances from the Sentencing Commission's recommendations—the only empirical guide to whether sentences are sufficient. In sum, there is no means for judges to avoid such disparities in the first instance, or correct them on review, without demanding that substantial variances be supported by substantial reasons.

*Id*. at 387 (editorial marks, quotation marks, and citations omitted).

3

Case No. 17-6093, *United States v. Schrank*

Here, the district court's overriding reason was its belief that incarceration would not help Schrank, it would only hinder him, inasmuch as it found that Schrank sincerely appreciated the severity of the offense, was in the process of rehabilitating himself, was deterred from future crime, and that the remainder of the sentence was sufficiently severe to send Schrank a message.

The government argues that the court's weighing of the § 3553(a) factors, in total, cannot support such a substantial variance because the court ignored or minimized the severity of the offense and failed to account for general deterrence. Schrank did not accidentally stumble onto a few risqué pictures on the internet; Schrank downloaded an anonymizer so that he could go to the "dark net" to get nearly 1,000 images of babies and toddlers being forcibly, violently, and sadistically penetrated. This is arguably the worst of child pornography, and even if the district court is correct that these facts do not justify the advisory guideline range here, neither can the mitigating facts justify the 97-month (100%) downward variance. Moreover, as we have told sentencing courts *repeatedly*, "general deterrence is crucial in the child pornography context" to protect the public by deterring the market for such products and activities. *United States v. Robinson*, 778 F.3d 515, 520-21 (6th Cir. 2015) (editorial mark omitted); *see also United States v. Bistline*, 720 F.3d 631, 632 (6th Cir. 2013); *United States v. Christman*, 607 F.3d 1110, 1121 (6th Cir. 2010); *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010)).

For these reasons, we VACATE this sentence and REMAND for resentencing.